IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MELINDA PERRYMAN                                                                      PLAINTIFF

VS.                                        CIVIL NO. 05-5124

JO ANNE B. BARNHART, COMMISSIONER
SOCIAL SECURITY ADMINISTRATION                                                       DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Melinda Perryman, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the provisions of Titles II and XVI of the Social Security Act (the "Act").

**Procedural Background:**

The applications for DIB and SSI now before this court were protectively filed on August 19, 2003, alleging an onset date of December 8, 1982, due to illiteracy and migraine headaches. (Tr. 11, 52, 142). An administrative hearing was held on March 29, 2005. (Tr. 150-190). Plaintiff was present and represented by counsel.

At the time of the administrative hearing, plaintiff was twenty-two years old and possessed a tenth grade education. (Tr. 11). The ALJ found that she had no past relevant work experience ("PRW"). (Tr. 17).

On April 11, 2004, the Administrative Law Judge ("ALJ") issued a written decision finding that plaintiff's mild mental retardation was a severe impairment. (Tr. 16). However, he concluded that it did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 16). After discrediting plaintiff's subjective allegations, the ALJ concluded that she maintained the residual functional capacity ("RFC") to perform the physical requirements of

even heavy work. From a mental standpoint, he found that her IQ scores placed her in the extremely low range of intelligence. The ALJ indicated that her nonverbal skills were significantly more developed than her verbal skills. (Tr. 17). Further, he found her intellectual strengths to be logical-analytic skills and social knowledge, with an obvious weakness in vocabulary. The ALJ noted that plaintiff was able to communicate effectively, get along with others, and perform activities of daily living, requiring some assistance making change and using a checkbook. Although he concluded that plaintiff had adequate persistence and pace, he found her to exhibit impaired concentration. However, with the assistance of a vocational expert, the ALJ determined that plaintiff could perform the positions of fast food worker, motel housekeeper, and dishwasher. (Tr. 17).

On May 18, 2005, the Appeals Council declined to review this decision. (Tr. 2). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned for report and recommendation. Both parties were afforded the opportunity to file appeal briefs, but plaintiff has chosen not to do so. (Doc. # 6, 7).

**Evidence Presented:**

On January 19, 2004, plaintiff underwent a general physical examination. (Tr. 112-118). She complained of illiteracy and headaches. (Tr. 112). Plaintiff indicated that she had dropped out of school after the tenth grade, although she was able to read and write. She also reported problems with comprehension. Plaintiff stated that she had never been tested for a learning disability or undergone a medical evaluation for daily headaches. Further, she reported taking only over-the-counter medications to relieve her headache pain. A physical examination was unremarkable, and Dr. Tad Morgan noted no evidence of psychosis. (Tr. 115). Plaintiff was oriented to time, person,

and place. (Tr. 117). As such, he diagnosed her with dyslexia by history and headaches. (Tr. 188). However, Dr. Morgan found no limitations resulting from these alleged impairments. (Tr. 118).

On February 4, 2004, plaintiff was evaluated by Dr. Scott McCarty. (Tr. 119-123). Plaintiff indicated that she had to repeat preschool, was enrolled in special education classes in school, and only completed the tenth grade. She stated that she fought with the teachers in school because she could not understand "stuff." Intellectual testing revealed that plaintiff's full scale IQ score was seventy which was indicative of an extremely low range of intelligence. Dr. McCarty noted that plaintiff's nonverbal skills were significantly more developed than her verbal skills. Further, he stated that her intellectual strengths were reflected in her logical-analytical and social knowledge skills. (Tr. 120). Likewise, her intellectual weakness was vocabulary as measured by her word knowledge. Dr. McCarty found that plaintiff could communicate effectively and reportedly had an adequate ability to get along with others. Plaintiff denied problems with activities of daily living, although she stated that she did need help making change and experienced difficulty using a checkbook. Plaintiff even told Dr. McCarty that she was currently on probation for writing hot checks. (Tr. 121). He found that she had no observable physical limitations and adequate persistence and pace but exhibited impaired concentration. (Tr. 121). Dr. McCarty concluded that plaintiff qualified for a diagnosis of mild mental retardation as well as a diagnosis of alcohol dependence. (Tr. 12-13, 119-121). Plaintiff informed Dr. McCarty that she had a problem with drinking, stating that she drank on a daily basis until she got drunk. (Tr. 120).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir.

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental

impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)- (f)(2003), 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920 (2003).

## Discussion:

We first address the ALJ's assessment of plaintiff's subjective complaints. The ALJ was required to consider all the evidence relating to plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and, (5) functional restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. *Id*. As the United States Court of Appeals for the Eighth Circuit recently observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).

Plaintiff alleges disability due to illiteracy and migraine headaches. After reviewing the medical records contained in the file, we find substantial evidence to support the ALJ's conclusion that plaintiff's impairments are not disabling.

At the onset, we can find no evidence to support plaintiff's claims concerning the disabling nature of her alleged migraine headaches. We note that she has not sought treatment for this impairment. *See id*. In fact, the record does not even contain any medical evidence to show that she was ever evaluated for migraines or any type of headaches. *See Forte v. Barnhart*, 377 F.3d 892, 895 (8th Cir. 2004) (holding that lack of objective medical evidence is a factor an ALJ may consider). Plaintiff is required to submit some medical evidence as proof of a disabling impairment. *Marolf v. Sullivan,* 981 F.2d 976, 978 (8th Cir. 1992). Further, we note that plaintiff testified that she took over-the-counter medications to treat her headaches. *See Riggins v. Apfel*, 177 F.3d 689, 693 (8th Cir. 1999) (holding that the mere use of nonprescription pain medication is inconsistent with complaints of disabling pain). This lack of strong pain medication is inconsistent with plaintiff's subjective complaints of disabling pain. *See Haynes v. Shalala*, 26 F.3d 812, 814 (8th Cir. 1994) (lack of strong pain medication was inconsistent with disabling pain); *Rankin v. Apfel*, 195 F.3d 427, 429 (8th Cir. 1999) (infrequent use of prescription drugs supports discrediting complaints). Therefore, based on this evidence, we do not find an impairment that interferes with plaintiff's ability to perform basic work activities. As such, we cannot say that the evidence establishes the presence of a severe physical impairment.

In addition, we have found limited medical evidence documenting plaintiff's mental impairment. We note that a mental evaluation with Dr. McCarty did reveal a borderline IQ. (Tr. 119-123). Further, records indicate that plaintiff was in special education classes in school, experienced difficulty comprehending the materials taught, and dropped out of school after the tenth grade. (Tr. 119). As such, we find substantial evidence to support the ALJ's conclusion that this constitutes a severe impairment. However, we also agree with the ALJ's determination that the evidence does not

support a finding of disability. We note that plaintiff testified to performing several positions during the relevant time period, although they did not rise to the level of substantial gainful activity. (Tr. 155). She performed piece work at the Adult Development Center and worked as a fast food worker at Burger King and Arbys. (Tr. 154, 158). We note that seeking work and working at a job while applying for benefits are activities inconsistent with complaints of disabling pain. *Dunahoo v. Apfel*, 241 F.3d 1033, 1039 (8th Cir. 2001). The evidence also reveals that, in spite of plaintiff's impaired reading and writing skills, she was able to read and complete the drivers license examination without assistance. (Tr. 160-161). Further, she was able to obtain a drivers license.

Plaintiff's own reports concerning her activities of daily living also contradict her claim of disability. On her supplemental interview outline, plaintiff reported an ability to do the laundry, wash dishes, vacuum/sweep, and take out the trash with periods of rest during these activities. (Tr. 71). She also stated that she could shop for groceries with her boyfriend, prepare one meal per week, drive, watch television, and listen to the radio. (Tr. 71-72). *See Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996) (ability to care for one child, occasionally drive, and sometimes go to the store); *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996) (ability to visit neighbors, cook, do laundry, and attend church); *Novotny v. Chater*, 72 F.3d at 671 (ability to carry out garbage, carry grocery bags, and drive); *Johnston v. Shalala*, 42 F.3d 448, 451 (8th Cir. 1994) (claimant's ability to read, watch television, and drive indicated his pain did not interfere with his ability to concentrate); *Woolf v. Shalala*, 3 F.3d 1210, 1213-1214 (8th Cir. 1993) (ability to live alone, drive, grocery shop, and perform housework with some help from a neighbor). Clearly, plaintiff's daily activities do not support her allegations of severe pain and disability because she is able to perform many of the activities associated with daily life.

Further, we can find no reason to discount the ALJ's decision to dismiss the testimony of plaintiff's mother, Vicki Tacker. The ALJ noted that her testimony merely corroborated plaintiff's testimony. (Tr. 14, 173-182). Therefore, the same evidence that supported discounting plaintiff's testimony also supported discounting the testimony of the lay witnesses. *Wheeler v. Apfel*, 224 F.3d 891, 896 (8th Cir. 2000) (same evidence supported discrediting both plaintiff's and her husband's testimony). Because the determination as to the weight given to Ms. Tacker's testimony was clearly within the ALJ's province, we believe that dismissal of her testimony on these bases was proper. *See Siemers v. Shalala*, 47 F.3d 299, 302 (8th Cir. 1995); *Ownbey v. Shalala*, 5 F.3d 342, 345 (8th Cir. 1993).

Therefore, although it is clear that plaintiff suffers with some degree of pain, she has not established that she is unable to engage in any and all gainful activity. *See Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000) (holding that mere fact that working may cause pain or discomfort does not mandate a finding of disability); *Woolf v. Shalala*, 3 F.3d at 1213 (holding that, although plaintiff did have degenerative disease of the lumbar spine, the evidence did not support a finding of disabled). Neither the medical evidence nor the reports concerning her daily activities support plaintiff's contention of total disability. Accordingly, we conclude that substantial evidence supports the ALJ's conclusion that plaintiff's subjective complaints were not totally credible.

Plaintiff also contends that the ALJ erred in his RFC assessment. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians, and others and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*,

393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, the ALJ considered a general physical examination, a consultative mental evaluation, the assessment of a non-examining consultative psychologist, and plaintiff's subjective complaints. On February 27, 2004, Dr. Brad Williams, a non-examining, consultative examiner, completed a mental RFC assessment and a psychiatric review technique form. (Tr. 123-140). After diagnosing plaintiff with mental retardation, he noted mild restrictions in activities of daily living and maintaining social functioning; moderate limitations in the area of maintaining concentration, persistence, and pace; and, no episodes of decompensation. (Tr. 137). Further, Dr. Williams also concluded that plaintiff was moderately limited in the areas of understanding, remembering, and carrying out detailed instructions; completing a normal workday and workweek without interruptions from psychologically based symptoms; accepting instructions and responding appropriately to criticism from supervisors; and, setting realistic goals or making plans independently of others. (Tr. 124). As such, he stated that plaintiff could perform work where the interpersonal contact required was incidental to the work performed; the complexity of the tasks was learned and performed by rote; the tasks involved few variables and little judgment; and, the supervision required was simple, direct, and concrete. (Tr. 125). As there is no evidence to contradict Dr. McCarty's evaluation, we find substantial evidence to support the ALJ's conclusion that plaintiff could perform work at all

exertional levels with limitations resulting from an extremely low range of intelligence and impaired concentration.

We also find that substantial evidence supports the ALJ's finding that plaintiff could perform work as a fast food worker, motel housekeeper, and dishwasher. (Tr. 17). The ALJ presented the VE with a hypothetical example of an individual of plaintiff's age and education who was marginally illiterate, had no exertional limitations, and had a below borderline verbal IQ with a borderline full scale IQ. (Tr. 184-185). The VE testified that such a person could perform the positions of fast food worker, motel maid, and dishwasher. (Tr. 185). The VE also testified that these jobs did not require a fast pace, and that they would provide verbal instruction along with frequent and regular supervision. (Tr. 186-188). As this hypothetical took into consideration the limitations the ALJ concluded were actually caused by plaintiff's impairments, the VE's testimony provided substantial evidence to support the ALJ's finding that plaintiff could return to her PRW. *See Depover v. Barnhart,* 349 F.3d 563, 568 (8th Cir. 2003) (holding that a VE's response to a properly posed hypothetical question supplied substantial evidence to support ALJ's finding that plaintiff could return to PRW).

**Conclusion:**

Based on the foregoing, we recommend affirming the ALJ's decision and dismissing plaintiff's case with prejudice. **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this day 17th of May 2006.

                                                  /s/ Beverly Stites Jones
                                                  HON. BEVERLY STITES JONES
                                                  UNITED STATES MAGISTRATE JUDGE